**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TARKENTON NEUHARDT, | ) ) ) Case No. 2:17-cv-01019-ALM-CMV |
| Plaintiff, | ) ) ) Judge Algenon L. Marbley |
| v. | ) Magistrate Judge Chelsey M. Vascura ) |
| CHARTER COMMUNICATIONS, LLC and TWC ADMINISTRATION LLC, | ) ) ) |
| Defendants. | ) ) ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Tarkenton Neuhardt ("Plaintiff"), Defendant Charter Communications, LLC ("Charter"), and Defendant TWC Administration LLC ("TWCA," together with Charter, "Defendants") (collectively, the "Parties") have agreed to the terms of this Stipulated Protective Order.

IT IS HEREBY ORDERED as follows:

1. This Stipulated Protective Order ("Order") governs all documents and information produced at any time during the pendency of this action, including any documents and information produced prior to the entry of this Order, by any party or any non-party, which is subject to a subpoena for oral examination or subpoena *duces tecum*; all copies of or information contained in any such documents; responses to Interrogatories, responses to Requests for Documents and/or Requests for Admissions or other discovery; and all other information produced or provided in this action by the parties (collectively referred to as "Litigation Material").

2. HIPAA Compliance: In part, the purpose of this Order is to comply with the requirements of HIPAA and 45 CFR § 164.512(e)(l)(v). This Order covers all health information

protected by HIPAA, including medical records, disclosed both by parties and non-parties. All such information shall be deemed confidential and may only be used for the purposes of this litigation.

3. Litigation Material shall be used solely for the purpose of preparing for, or conducting the trial of, this action. Litigation Material shall not be disclosed or used for any other purpose, including business, governmental, commercial, administrative or judicial proceedings, except as otherwise required by law.

4. Any party producing Litigation Material in this case may designate it as "Confidential" if such designation is made in good faith consistent with the following definition. The designation "Confidential" shall be utilized for Litigation Materials containing non-public commercial, financial, or proprietary business information or protected personal information, specifically including any non-public employee personnel data, customer data, and Defendants' internal documents regarding its policies, practices, or strategies, and medical records or other protected health information.

5. With respect to hard copy information, a party, non-party, or its counsel may designate as "Confidential" any documents, or portion or portions thereof, by stamping the word "Confidential" (or a phrase to that effect, such as "Confidential: Subject to Protective Order").

6. A party or its counsel may designate deposition or other testimony as "Confidential" by so stating on the record on the day the testimony is given or by sending written notice to counsel for all other parties designating, by page and line, the portion of any transcript or transcripts to be treated as "Confidential" within thirty (30) days of receipt of the final transcript by the witness.

7. All Litigation Material designated or stamped as "Confidential," any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed below in Paragraph 8, unless ordered by the Court or done with the prior written consent of the producing party's counsel.

8. Persons to whom Litigation Material designated as "Confidential" may be given, shown, made available, or communicated without prior written consent are the following:

    (a) The Court and its employees, including any Court reporters and their stenographic employees transcribing testimony;

    (b) The Parties and their counsel of record, including directors, officers, representatives, or employees of the above who are assisting them for the purpose of preparing for, conducting, or settling this action;

    (c) Court reporters who transcribe deposition or other testimony in this action;

    (d) Consultants or expert witnesses retained by a party to this action; and

    (e) Any witness, but only to the extent that such witness' testimony involves the matters governed by, subsumed within, or otherwise affected by the "Confidential" Litigation Material being made available to them.

9. If the producing party agrees in writing, the parties may include additional persons or categories of persons, beyond those listed in Paragraph 8, to whom Litigation Material designated as "Confidential" may be given, shown, made available, or communicated. Absent the agreement of the producing party, each party reserves the right to move the Court for good cause shown to seek to include additional persons or categories of persons, beyond those listed in Paragraph 8, to whom Litigation Material designated as "Confidential" may be given, shown, made available, or communicated.

10. Nothing herein shall restrict the persons identified in Paragraph 8(b), from making working copies for use in their offices or for use during examination of witnesses, which working copy shall be automatically designated as "Confidential" to match the designation of the document from which it was made.

11. Any person identified in Paragraphs 8(d) or (e), above who is given access to Litigation Material designated "Confidential" shall, prior thereto, be given a copy of this Order and shall acknowledge receipt thereof, and consent to be bound thereby and subject to sanctions of this Court, by signing a written statement in the form of Exhibit 1, attached hereto.

12. When a party intends to use any materials designated as "Confidential" in support of or in opposition to a motion and that party believes that filing under seal should not be necessary, the party intending to use such materials designated as "Confidential" shall contact the opposing party within five business days prior to the motion, opposition to a motion, or other filing, and the parties shall confer in good faith to determine whether the documents at issue should be filed under seal. The party that provided the Litigation Material may waive the confidentiality designation by written notice to counsel for the other parties to the action. Any such written notice may limit the extent of the waiver by designating specific information to which the waiver attaches. Or, if the Parties agree that the material designated as "Confidential" must be filed under seal, or if the Parties cannot agree in good faith as to whether the party so using the material shall file the document under seal, the party that provided the Litigation Material shall move the Court in compliance with Local Rule 5.2.1 for the Southern District of Ohio.

13. Nothing in this Order shall prevent any party from disclosing its own "Confidential" Litigation Material, and any such disclosure shall not be deemed a waiver of any other party's rights or obligations under this Order.

14. The production or disclosure of Litigation Material designated as "Confidential" shall in no way constitute a waiver of the producing party's right to object to the production or disclosure of any other information or documents in this action. The parties hereto expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including an order that discovery not be had. Nothing herein shall be read as to waive any privilege or exemption from production that any party may assert independent of this Order.

15. The inadvertent production of any "Confidential" Litigation Material during discovery in this action without the "Confidential" designation, or the inadvertent production of any privileged or work-product protected Litigation Material, shall be without prejudice to any subsequent claim that such material is "Confidential", is privileged in any respect, or is protected from discovery as work-product within the meaning of Rule 26 of the Federal Rules of Civil Procedure. No Party shall be held to have waived any rights by any such inadvertent production. Privileged information that is inadvertently produced shall not be used and shall be immediately returned upon request of the producing party.

16. No party waives the right to challenge another party's or non-party's designation of Litigation Material as "Confidential." However, any party hereto that objects to another party's or non-party's designation of Litigation Material as "Confidential" shall first state its objection in writing to the producing entity no later than the close of discovery or within ten (10) days of the receipt of the document, whichever last occurs. The parties hereto agree to confer in good faith to resolve any dispute arising under this Order.

17. In the event any receiving party has possession, custody, or control of any Litigation Material designated as "Confidential" that becomes the subject of a subpoena or demand for the

production of such Litigation Material in another matter, that receiving party shall notify counsel for the producing party of such a subpoena or demand within two business days of receipt or prior to the time required for production, whichever is earlier, so as to permit counsel for the producing party time to seek an appropriate order modifying or quashing the subpoena or demand. The receiving party shall not respond to any such subpoena or demand unless and until the producing party has had an opportunity to seek an appropriate order modifying or quashing the subpoena or demand or has provided written consent to production to the receiving party.

18. This Order shall bind the parties and shall continue to be binding on the parties throughout and after the conclusion of this action, including any appeals or retrials. This Court shall retain jurisdiction of this action for the purpose of enabling any party, person or other entity to apply for any order or relief as may be deemed necessary or appropriate to enforce this Order. Upon termination of this action, each party shall return or destroy Litigation Materials designated as "Confidential" and any copies, summaries, or digests thereof within thirty (30) days after the termination. Nevertheless, one law firm for each party to this action may retain one complete set of all trial testimony and exhibits, all deposition transcripts and exhibits, and all pleadings and other papers filed with the Court. Documents retained under the provisions of this Paragraph shall be kept in a secure fashion.

IT IS SO ORDERED.

/s/ Chelsey M. Vascura
United States Magistrate Judge

AGREED TO, this 9th day of March, 2018.

| | |
|---|---|
| */s/ Barry R. Murner* | */s/ Shawna M. Miller* |

*/s/ Barry R. Murner*
Barry R. Murner
*Barry.Murner@spitzlawfirm.com*
THE SPITZ LAW FIRM, LLC
25200 Chagrin Blvd, Suite 200
Beachwood, Ohio 44122
Tel: (216) 291-4744
Fax: (216) 291-5744

***Attorney for Plaintiff***

*/s/ Shawna M. Miller*
Shawna M. Miller (*pro hac vice*)
*smiller@kcozlaw.com*
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Tel: (404) 400-7300
Fax: (404) 400-7333

Carolyn A. Davis (0084905)
*cdavis@taftlaw.com*
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 100
Columbus, Ohio 43215
Tel: (614) 221-2838
Fax: (614) 221-2007
Attorney for Defendants

***Attorneys for Defendants***

# "EXHIBIT 1"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| TARKENTON NEUHARDT, | ) |
|     Plaintiff, | ) Case No. 2:17-cv-01019-ALM-CMV |
| v. | ) Judge Algenon L. Marbley |
|  | ) Magistrate Judge Chelsey M. Vascura |
| CHARTER COMMUNICATIONS, LLC and TWC ADMINISTRATION LLC, | ) |
|     Defendants. | ) |

I, _____, hereby declare:

    1.    I have carefully read and understand the Stipulated Protective Order (the "Order"), and I agree to be bound by the terms thereof and to comply with the terms thereof. I hereby submit irrevocably to the jurisdiction of this Court for the purpose of enforcing the Order in the event that I am alleged to have violated the terms thereof.

    2.    I will hold in confidence and not disclose to anyone not qualified under the Order any material designated "Confidential," as defined in the Order, or any words, summaries, abstracts, or indices of "Confidential" information disclosed to me.

    3.    No later than the final conclusion of the case, I will return all "Confidential" Litigation Material, as defined in the Order, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

    4.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____, 201\_\_\_\_\_.

_____
Name:

## CERTIFICATE OF SERVICE

I hereby certify that this 9th day of March, 2018, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record:

Barry R. Murner
The Spitz Law Firm, LLC
25200 Chagrin Blvd., Ste. 200
Beachwood, OH  44122
barry.murner@spitzlawfirm.com

Dated: March 9, 2018.

                                              */s/ Shawna M. Miller*
                                              Shawna M. Miller