IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TARKENTON NEUHARDT, | : | |
| | : | Case No. 2:17-cv-1019 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| CHARTER COMMUNICATIONS, LLC, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter comes before this Court on Plaintiff's Objections to the Magistrate Judge's Order of January 21, 2019. (ECF No. 26). This Court **OVERRULES** Plaintiff's objections.

## I. BACKGROUND

On February 28, 2018, this Court issued a Scheduling Order setting a discovery deadline of November 22, 2018, and a dispositive motions deadline of December 22, 2018. (ECF No. 10). On November 14, 2018, the parties subsequently jointly moved for an extension of the discovery deadline and dispositive motions deadline; this motion was granted. (ECF No. 19). The discovery deadline was extended to January 21, 2019, and the dispositive motions deadline was extended to February 22, 2019.

On January 22, 2019, Plaintiff filed a Motion for Extension of Time to Complete Discovery seeking a 39-day extension of both the discovery and dispositive motions deadlines, to March 1, 2019, and March 31, 2019, respectively. Plaintiff asserted that the additional time was necessary to allow Plaintiff to take depositions in order to oppose a summary judgment motion Plaintiff anticipated Defendants would file. He stated he was unable to take depositions before the close of discovery due to the "press of business and other legal matters and the holidays.

1

(ECF No. 21; ECF No. 25.) After Defendant filed a Response in Opposition to Plaintiff's Motion, Plaintiff then admitted that the extension was in part required by Plaintiff's mistaken belief that the discovery deadline was in February 2019, rather than January 2019.

The Magistrate Judge found that Plaintiff had not established good cause to warrant the extension and had not demonstrated adequate diligence in his attempts to meet the already-extended case management deadlines, and therefore denied the motion. (ECF No. 26). Plaintiff subsequently filed an objection to the Magistrate Judge's decision in which he argues that his mistake constitutes good cause for an extension of the discovery and dispositive motion deadlines.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a party may object to a Magistrate Judge's pretrial order on nondispositive matters. This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995). With respect to a Magistrate Judge's legal conclusions, however, "this Court must exercise its independent judgment," and it may "overturn any conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Siegler v. City of Columbus*, No. 2:12–CV–00472, 2014 WL 1096159, at *1–2 (S.D. Ohio Mar.19, 2014) (citing *Gandee v. Glasser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir.1994) (quotation omitted)).

## III. LAW AND ANALYSIS

Plaintiff objects to the Magistrate Judge's decision to deny Plaintiff an extension of the time for discovery. In order to modify the scheduling order, of which discovery is a part, the order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether a party meets the "good cause" standard under Rule 16, the primary measure "is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). However, "carelessness or oversight is ordinarily incompatible with a finding of diligence." *Cooke v. AT&T Corp.*, 2007 WL 188568, at 2 (S.D. Ohio Jan. 22, 2007). In addition to this primary measure "another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, at 625 (6th Cir. 2002). Here, the Magistrate Judge correctly determined that Plaintiff did not establish good cause for an extension of the discovery period.

In the present case, the parties were granted ten months to conduct discovery during which time Plaintiff failed to request any depositions. Nonetheless, the parties filed a joint motion for a 60-day extension of discovery on November 14, 2018. (ECF No. 20.) This motion was granted and the time for discovery was extended to January 21, 2019. (ECF No. 20.) During this extension Plaintiff did not contact Defendant in any manner and failed to take any reasonable measures to schedule depositions with Defendant or Defendant's witnesses. (ECF Nos. 22, 27.) This absence of communication demonstrates Plaintiff's lack of diligence and granting another extension would reward Plaintiff's carelessness at Defendant's expense. Although Plaintiff is correct that the Motion for Extension of Time to Complete Discovery filed January 22, 2019 was timely due to the Court's observance of Martin Luther King Jr. Day on

January 21, 2019 (Fed. R. Civ. P. 6(a)(6)), the Motion's timeliness does not cure Plaintiff's inability to establish good cause for an additional extension of the time for discovery. As such, the Magistrate Judge's determination that Plaintiff had failed to establish good cause to warrant an extension of time for discovery was neither erroneous nor contrary to the law.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's decision to deny Plaintiff's Motion to Extend the Discovery Deadline are **OVERRULED**. This Court adopts the decision of the Magistrate Judge.

**IT IS SO ORDERED.**

                                                   **s/Algenon L. Marbley**
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED: July 8, 2019**